JOHN S. EDMUNDS   734
Attorney At Law
A Limited Liability Law Company
841 Bishop Street, Suite 1715
Honolulu, Hawaii  96813
Telephone:  (808) 524-2000
Email:  john@jedmundslaw.com

Attorney for Plaintiffs
DEBORA J. THOMAS and JAMES A. THOMAS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DEBORA J. THOMAS and JAMES A. THOMAS,<br><br>     Plaintiffs,<br><br>vs.<br><br>THE WESTIN MAUI RESORT & SPA KA'ANNAPALI; MARRIOT HOTEL SERVICES INC.; THYSSENKRUPP ELEVATOR CORPORATION, a foreign profit corporation; TRINITY REAL ESTATE INVESTMENTS LLC, a domestic limited liability company; WM LESSEE LLC, a foreign limited liability company,<br><br>     Defendants. | Civil No. _____<br>(Negligence, Gross Negligence and Loss of Consortium)<br><br>COMPLAINT; DEMAND FOR JURY TRIAL and SUMMONS |

## COMPLAINT

   Plaintiffs DEBORA J. THOMAS and JAMES A. THOMAS, through their undersigned counsel, hereby allege as follows against Defendants the

MAUI WESTIN HOTEL CORPORATION, MARRIOTT HOTEL CORPORATION INTERNATIONAL, THYSSENKRUPP ELEVATOR CORPORATION, and each of them:

## Count I (Negligence)

1.  This is a diversity action (the details of which are alleged below) in tort which occurred on or about November 12, 2017, while Plaintiffs, husband and wife and California citizens, were paying guests at the Westin, Maui Resort, staying on the seventh floor, when Plaintiff Debora J. Thomas (hereinafter "Ms. Thomas") left her room to go to the lobby, using the elevator. Immediately after she entered the elevator and pressed the button for the lobby, the elevator car fell out of control at a high rate of speed to the lobby floor. As a direct and proximate result, (and as alleged in more detail below), Ms. Thomas was seriously injured and, *inter alia*, required spinal surgery on or about February 20, 2019.

2.  This action brought pursuant to 28 U.S.C. 1332. As alleged in detail below, there is complete diversity between Plaintiffs on the one hand and all Defendants on the other.

3.  The amount in controversy, as to each Plaintiff and against each Defendant, is in excess of the jurisdictional amount of Seventy Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

4.  Plaintiffs are and were at all times discussed and described herein, citizens of the State of California.

5.  As alleged more specifically below, no defendant named herein was incorporated pursuant to or exists by virtue of the laws of the State of California, nor does any such defendant named herein have its principal place of business in the State of California and therefore complete

diversity of citizenship exists between each Plaintiff herein and each Defendant herein for purposes of 28 U.S.C. 1332.

6.  Defendant Trinity Real Estate Investments LLC ("Trinity Real Estate") is and was at all times pertinent hereto, a Foreign Limited Liability Company incorporated in the State of Delaware and was and is registered in and doing business in the State of Hawaii as Trinity Investments.

7.  Defendant Trinity Investments LLC ("Trinity Investments") is and was at all times pertinent hereto, a Domestic Limited Liability Company registered in and doing business in the State of Hawaii. Its consent name is Trinity Investment Trust, LLC dba Trinity Investment. (Hereinafter, the Trinity entities described in this paragraph and paragraph 6 above may be referred to collectively as "Trinity entities").

8.  Plaintiffs allege, based on information and belief, that on or about November 12, 2017, and at all times pertinent hereto, Defendants Trinity Real Estate Investments LLC and/or Trinity Investments LLC owned and/or held an interest in and/or controlled the above described Westin Maui, located in Ka'anapalai, Maui County, Hawaii.

9.  Defendant WM Lessee LLC is and was, at all times pertinent hereto, a Foreign Limited Liability Company incorporated in the State of Delaware, registered to do business and doing business in the State of Hawaii as The Westin Maui and also as The Westin Maui Resort & Spa Ka'annapali (hereinafter "Westin Maui"). Its stated purpose in its filings with the Department of Commerce and Consumer Affairs of the State of Hawaii filings is hotel management.

10. Plaintiffs allege, based on information and belief, that on or about November 12, 2017, Defendant Westin Maui owed a duty to guests of the Hotel, including Plaintiff Ms. Thomas, to maintain the safety and proper functioning and repair of the elevators in said Hotel, (including but not limited to the guest elevator in which Plaintiff Ms. Thomas was injured, as described more fully below).

11. Defendant Marriott Hotel Services, Inc. ("Marriott Hotel") is and was at all times pertinent hereto, a Foreign Profit Corporation registered in, and doing business in, the State of Hawaii.

12. Plaintiffs allege on information and belief that on or about November 12, 2017, Marriott Hotel was at least partially responsible for managing and/or supervising operations at The Westin Maui, including but not limited to, the condition of the elevators used by hotel guests.

13. Plaintiffs allege on information and belief that at all times pertinent hereto, Defendants Trinity, Westin, and Marriott Hotel represented, both expressly and impliedly, that the Westin was a first-class hotel and resort and that the hotel facilities, including its elevators, were reasonably fit and safe for use by hotel guests, including Plaintiff Ms. Thomas.

14. Plaintiffs allege on information and belief that Defendant Thyssenkrupp Elevator Corporation ("Thyssen") is, and was at all times pertinent hereto, a foreign corporation registered in, and doing business in, the State of Hawaii. Its stated purpose in said registration is elevator sales, service and repair.

15. Plaintiffs allege on information and belief that on or about November 12, 2017, Thyssen was in some way responsible for the installation, repair and maintenance of the elevators at the Westin Maui, including the elevator in which Plaintiff Ms. Thomas was severely injured, as more fully alleged in paragraph 1, above and paragraph 18 below. This allegation is based in part, but is not limited to, a letter from Westin to Plaintiff Ms. Thomas advising her that Defendant Thyssen was responsible for her injuries and damages in this case.

16. On or about November 12, 2017, Plaintiffs Ms. Thomas and James A. Thomas ("James") were registered and paying guests of the Westin Maui.

17. Plaintiffs allege on information and belief that at all times pertinent hereto, Defendants Trinity, Westin, and Marriott Hotel represented to guests of the hotel, including Plaintiffs, both expressly and impliedly, that the Westin was a first-class hotel and resort and that the elevators in said hotel were safe for use by guests of the hotel.

18. Defendants and each of them owed a duty of reasonable care to Plaintiffs and each of them to at all times maintain the hotel's elevators in reasonably safe operating condition and working order and/or to prevent guests, by signage or otherwise from accessing and operating any hotel elevator which was under repair and/or was not reasonably fit for its intended use.

19. Defendants and each of them breached the foregoing duty by engaging in the conduct alleged herein.

20. When the elevator described in paragraph 1 above had fallen to the ground floor, the impact severely injured Plaintiff Ms. Thomas. She was, however, able to exit the elevator on the lobby or ground floor and saw that a waste or recycling receptacle had been moved in front of the door to the elevator in which she had been injured. She learned shortly after that, from an individual, whom she is informed and believes was an agent or employee of one or more of the Defendants, acting in a security capacity that said receptacle had been placed in front of said elevator to prevent anyone from using that elevator because it was being repaired. She was further advised by an agent of one or more of Defendants herein that said elevator was to have been closed for repairs at 4 p.m. that day. However, when she approached and entered said elevator on the seventh floor of the hotel, as described, it was well after 4 p.m. but no notice had been posted at or near or around or in said elevator advising that it should not be used.

21. The foregoing conduct of Defendants and each of them was negligent and was a direct and proximate cause of the injuries and damages suffered by Plaintiff Ms. Thomas and alleged herein.

22. As a further direct and proximate result of the negligent conduct of said Defendants and each of them, Plaintiff Ms. Thomas suffered great physical pain and emotional distress (including loss of sleep), general loss of enjoyment of life, and sustained hedonic damages. She also suffered and will continue to suffer the loss of consortium of her husband, Plaintiff James A. Thomas.

23. As a further direct and proximate result of the conduct of said Defendants and each of them, Plaintiff Ms. Thomas has incurred and

will continue to incur, for the foreseeable future, medical, surgical and rehabilitative expenses all in such amounts as shall be shown at time of trial.

## Count II

### (Gross Negligence)

24. Plaintiffs here incorporate by reference and re-allege each of the paragraphs numbered 1-23, inclusive, above.

25. The conduct of Defendants and each of them was grossly negligent and/or wanton and/or willful, as demonstrated in part by the conduct of blocking of and shutting down use of the elevator in question at the lobby floor only, but without shutting down the elevator completely and/or posting warning signs or taking any other measures to notify guests that the elevator in question was not safe and should not be used.

26. The aforesaid conduct demonstrates that but for said conduct, Plaintiffs would not have suffered the injuries and damages alleged above.

27. Plaintiffs therefore claim they should each be entitled to an award of punitive damages in such amounts as shall be shown at time of trial.

## Count III

### (Loss of Consortium by Plaintiff James A. Thomas)

28. Plaintiff James A. Thomas here incorporates by reference and realleges each of the paragraphs numbered 1-27, inclusive, above.

29. As a direct and proximate result of the conduct of defendants and each of them, Plaintiff James A. Thomas has suffered and will continue to suffer the loss of the care, comfort, consortium, society and companionship of his wife, Plaintiff Ms. Thomas and asks for damages in such amounts as shall be shown at time of trial.

WHEREFORE, based on the foregoing, Plaintiffs pray for damages against each of the Defendants as follows:

1. For special damages as shall be shown at time of trial;

2. For general damages in the amount of at least Five Hundred Thousand Dollars;

3. For punitive damages in such amounts as shall be shown at time of trial; and

4. For such other relief as this court may deem just and proper.

Dated: Seattle, Washington, February 28, 2019

JOHN S. EDMUNDS
Attorney for Plaintiffs
DEBORA J. THOMAS and
JAMES A. THOMAS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DEBORA J. THOMAS and<br>JAMES A. THOMAS,<br><br>          Plaintiffs,<br><br>vs.<br><br>THE WESTIN MAUI RESORT &<br>SPA KA'ANNAPALI; MARRIOT<br>HOTEL SERVICES INC., a<br>foreign profit corporation;<br>THYSSENKRUPP ELEVATOR<br>CORPORATION, a foreign profit<br>corporation; TRINITY REAL<br>ESTATE INVESTMENTS LLC, a<br>domestic limited liability company;<br>WM LESSEE LLC, a foreign<br>limited liability company,<br><br>          Defendants. | ) Civil No. _____<br>) (Negligence, Gross Negligence and<br>) Loss of Consortium)<br>)<br>)<br>) DEMAND FOR JURY TRIAL<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEMAND FOR JURY TRIAL

Plaintiffs, by and through their undersigned counsel, hereby demand trial by jury on all issues triable herein.

Dated: Seattle, Washington , _____ February 28, 2019..

_____
JOHN S. EDMUNDS
Attorney for Plaintiffs
DEBORA J. THOMAS and
JAMES A. THOMAS

HID 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Hawaii

| | |
|---|---|
| DEBORA J. THOMAS and JAMES A. THOMAS <br> *Plaintiff* <br> v. <br> THE WESTIN MAUI RESORT & SPA KA'ANNAPALI; MARRIOT HOTEL SERVICES INC., et. al. <br> *Defendant* | Civil Action No. |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  THE WESTIN MAUI RESORT & SPA KA'ANNAPALI
2365 Kaanapali Parkway, Lahaina, Maui, HI  96761
MARRIOT HOTEL SERVICES, INC.
1136 Union Mall, Ste 301, Honolulu, HI  96813
THYSSENKRUPP ELEVATOR CORPORATION
1003 Bishop Street, Ste 1600, Honolulu, HI  96813

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   JOHN S. EDMUNDS 734
Attorney At Law
A Limited Liability Law Company
841 Bishop Street, Suite 1715
Honolulu, Hawaii  96813
Telephone:  (808) 524-2000

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____       _____
*Signature of Clerk or Deputy Clerk*

Civil Action No.

# PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify)*:



My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: